IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL R. MAGIRL,

    Petitioner,

vs.                                         Civ. No. 96-81 HB/LCS

DONALD A. DORSEY, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Proposed Findings

1. This matter comes before the Court upon Petitioner's request for 28 U.S.C. §2254 habeas corpus relief. In support of his request for §2254 relief, the Petitioner filed a Memorandum Brief and Incorporated Request to Reconsider Order Denying an Evidentiary Hearing, filed June 27, 1997. By not raising several of his previous claims in his brief, the Petitioner is deemed to have abandoned those claims. **See Williams v. Armontrout**, 679 F.Supp. 916, 922 (W.D. Mo. 1988), **aff'd by** 912 F.2d 924 (8th Cir. 1990), **cert. denied**, 498 U.S. 1127 (1991). The Petitioner raises the following issues in his brief:

    A. Whether the trial court's denial of Petitioner's pretrial motion to suppress violated his constitutional right to a fair trial and due process of law;

    B. Whether Petitioner's due process rights were violated because of insufficient evidence to support his convictions under Counts V and VIII; and

    C. Whether the Petitioner received ineffective assistance of trial and appellate counsel.

The Motion to Suppress

    2. The Petitioner argues first that trial court's denial of his pretrial motion to suppress violated his constitutional right to a fair trial and due process of law.  **Stone v. Powell**, 428 U.S. 465 (1976) held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  **Id.** at 494.  In **Gamble v. State of Oklahoma**, 583 F.2d 1161 (10th Cir. 1978), the Tenth Circuit elaborated on the **Stone** doctrine by establishing a two-part test.  First, there must have been a full and fair evidentiary hearing; and second, the state court must have colorably applied correct constitutional standards in evaluating the Fourth Amendment claim.  **Id**. at 1165.  The federal habeas court is not barred from considering a Fourth Amendment claim if, for instance, the "state court wilfully refuses to apply the correct and controlling constitutional standards."  **Id**.  Moreover, federal habeas review may be appropriate if the correct federal standard is applied "in a manner so unconscionable as to deny a defendant the opportunity for full and Fair [sic] Litigation [sic]."  **Id**. at n. 3.  **See also Turentine v. Miller**, 80 F.3d 222, 226 (7th Cir. 1996)("habeas review of Fourth Amendment claims is reserved for instances where the state court made an egregious error (e.g., failed to apply Supreme Court precedent directly on point after the argument was clearly presented)").  Otherwise, "a claim is **Stone-**barred if the petitioner simply argues that the state court made a mistake in applying Fourth Amendment law."  **Turentine**, 80 F.3d at 226.

    3. The Petitioner argues in this case that he did not receive full and fair litigation of his Fourth Amendment claims in state court because the trial court misapplied Fourth Amendment

law when it denied his motion to suppress. The Petitioner does not contend that the law the trial court applied in considering his motion to suppress failed to reflect the appropriate Fourth Amendment law. Rather, the Petitioner asserts only that the trial court made a mistake in applying the Fourth Amendment law. Without any evidence of unconscionable or egregious conduct by the trial court, I find that the trial court colorably applied the correct Fourth Amendment law. **See** Letter Opinion by trial judge, Exhibit A (attached to Respondent's Answer Brief, filed Jan. 9, 1998). Consequently, I cannot find that the **Stone** bar should be lifted in this particular instance. The Petitioner's first contention of habeas error is, therefore, without merit.

<u>Sufficiency of the Evidence: Counts V and VIII</u>

4. The Petitioner argues next that there is insufficient evidence to support his convictions under Counts V and VIII for residential burglary. The Petitioner does not contest the convictions he received with respect to eight other residential burglaries. "A sufficiency of the evidence claim presents a mixed question of fact and law." **Maes v. Thomas**, 46 F.3d 979, 988 (10th Cir.), **cert. denied**, 115 S.Ct. 1972 (1995). Habeas relief is only available if the court finds that, "after considering all the trial evidence in the light most favorable to the prosecution, that a rational trier-of-fact could not have found each separate element of the crime charged was proved beyond a reasonable doubt." **Id**. Therefore, the jury verdict in the instant case must be accepted "as long as it is within the bounds of reason." **Kelly v. Roberts**, 998 F.2d 802, 808 (10th Cir. 1993).

5. The Petitioner concedes that the prosecutor established beyond a reasonable doubt that the two homes which are the subject of Counts V and VIII, the Black and Hill homes, were burglarized and that the police later found some of the stolen items in the Petitioner's home. Petitioner asserts, however, that without any other link to the Petitioner, a jury could not find

beyond a reasonable doubt that the Petitioner was the perpetrator of the Black and Hill burglaries. Like the other burglaries that the Petitioner was convicted of, the Black and Hill burglaries occurred in the north section of town during the months of February and March 1984. Tapes 4, 6, 8, 10, 12-14, 16-18 and 20 of Trial. The items stolen from the Black and Hill homes included small items such as jewelry, coins, and money, items similar to those taken in the other burglaries. Tapes 8, 10, 12-14, 16-18 of Trial. As in most of the other burglaries, the method of entry into the Black and Hill homes was through the back door. **Id**. Moreover, just as in the other burglaries, there was no indication that a vehicle was used to transport the perpetrator to and from the Black and Hill homes. Tape 6 of Trial. Additionally, all of the burglaries took place shortly after the Petitioner moved into that part of town. Tape 25 of Trial. Finally, access to the Petitioner's home was limited to his wife, the rental agent, and a couple who looked after the house when the Petitioner and his family were away. **Id**. Viewing the above evidence in the light most favorable to the prosecution, I conclude that a rational fact finder could find beyond a reasonable doubt that the burglary pattern of the other eight burglaries was consistent with that of the Black and Hill burglaries and that, therefore, the same person burglarized the Black and Hill homes. I find that sufficient evidence existed to convict the Petitioner of Counts V and VIII. Accordingly, Petitioner's second assertion of habeas error is without merit.

<u>Ineffective Assistance of Counsel</u>

      6. The Petitioner makes the following claims of ineffective assistance of counsel: trial and appellate counsel failed to challenge the search of Petitioner's safe deposit box[1]; trial counsel

---

[1] The Petitioner later abandoned his claim that the search of his automobile and storage unit was illegal. Reply to Respondent's Answer Brief at 5 and 11, filed March 4, 1998.

offered only a few newspaper clippings at the change of venue hearing; and trial counsel failed to impeach Detective Thomas.  The Petitioner further contends that an evidentiary hearing is necessary to address his first two ineffective assistance of counsel claims.  The request for an evidentiary hearing is based on the following assertions:  the Petitioner had asked his trial and appellate counsel to pursue the search challenge but they did not do so; and the Petitioner does not know why his trial counsel failed to pursue the change of venue motion more vigorously.

7.  To be entitled to an evidentiary hearing, the petitioner has the burden of alleging facts which, if proven true, would be a basis for a grant of habeas corpus relief.  **Hatch v. State of Okl.**, 58 F.3d 1447, 1457 (10th Cir. 1995), **cert. denied**, 116 S.Ct. 1881 (1966).  Those allegations of fact "must be specific and particularized."  **Id**.  If the petitioner carries his or her burden, then the court must hold an evidentiary hearing unless the petitioner already received a full and fair evidentiary hearing in state court.  **Id**.  Because the Petitioner in this case did not have a state evidentiary hearing on his ineffective assistance of counsel claims, he must allege facts which, if proven true, would be a basis for a grant of habeas corpus relief.  **See id.**  Only then will the Petitioner be entitled to an evidentiary hearing.

8.  To show that he received ineffective assistance of counsel, Petitioner must demonstrate that counsel's performance was "deficient" and that his performance prejudiced the case.  **Strickland v. Washington**, 466 U.S. 668, 687 (1984).  Prejudice arises when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  **Id**. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  **Id.**

9. With respect to the search challenge, the warrant to search the Petitioner's safe deposit box states that the Petitioner was charged with numerous counts of residential burglary. Exhibit D (attached to Answer Brief). It also states that a prior search of the Petitioner's home netted "countless items of jewelry" and that it was believed that the safe deposit box may contain jewelry, currency, or documents that might be evidence in the burglary investigation. **Id**. Moreover, the warrant notes that the Petitioner had exclusive control of the safe deposit box. **Id**. The Petitioner argues that this search warrant did not provide probable cause to search the safe deposit box and that the warrant failed to list with specificity the items expected to be found in the safe deposit box.

10. As a preliminary matter, I note that the **Stone** bar does not apply when there is an ineffective assistance of counsel claim regarding a Fourth Amendment issue. **Kimmelman v. Morrison**, 477 U.S. 365, 383 (1986). When a motion to suppress lacks merit there is no ineffective assistance of counsel. **Id**. at 375. As to the merits of the alleged illegal search, probable cause in New Mexico "requires a showing of a state of facts which leads a judge or magistrate, acting in a neutral capacity and as a prudent man, to reasonably believe that an accused, at the time of the application for warrant, is in possession of illegal property or the fruits of a crime or that evidence relating to the commission of a crime exists" with regard to the thing to be searched. **State v. Donaldson**, 100 N.M. 111, 115, 666 P.2d 1258, 1262 (Ct. App.), **cert. denied**, 100 N.M. 53, 665 P.2d 809 (1983). Probable cause "is more than a suspicion or possibility but less than a certainty of proof." **Id**. at 166, 666 P.2d at 1263. In addition, probable cause is established from within the four corners of the supporting affidavit. **State v. Barker**, 114 N.M. 589, 590, 844 P.2d 839, 840 (Ct. App. 1992). Furthermore, "the court must interpret the

affidavit in a common sense and realistic fashion and must not require technical requirements of elaborate specificity." **Donaldson**, 100 at 166, 666 P.2d at 1263.

      11.  Having read the safe deposit box search warrant and its supporting affidavit, I find that a neutral prudent person would have reasonably believed that the Petitioner whose residence contained small stolen items would put other small stolen items in a secure place such as a safe deposit box.  Common sense dictates that those small items would reasonably include things such as jewelry, currency, or valuable documents.  I, therefore, conclude that there was probable cause to search the safe deposit box and sufficient specificity of the items to be searched for.  Consequently, even if the Petitioner had asked his attorneys to challenge the search of the safe deposit box, the meritless search issue precludes a finding of ineffective assistance of counsel.  I, therefore, find that an evidentiary hearing on this particular claim of ineffective assistance of counsel is not warranted.  I further find that the Petitioner has failed to establish ineffective assistance of counsel on this ground.

      12.  Next, the Petitioner requests an evidentiary hearing on the ineffective assistance of counsel claim concerning the motion for a change of venue.  Petitioner fails to indicate what facts he would show at an evidentiary hearing to support his claim of ineffective assistance of counsel.  The facts as they now stand indicate that the trial counsel introduced four news items at the motion to change venue hearing.  Motions Tape 1, 5-31-84.  Trial counsel stated that there had been television cameras in the courthouse hallways as well as reporters in the courtroom.  **Id**.  Moreover, trial counsel indicated that he believed there would be little resistance to his motion to change venue.  **Id**.  However, the prosecutor present at the hearing adamantly opposed the motion.  **Id**.  The prosecutor noted that the earlier news items had more detail of the crimes than

the later items. **Id**. Trial counsel then asked for a continuance to obtain further evidence. **Id**. The trial judge was willing to continue the hearing for a few hours. **Id**. Trial counsel did not believe that he would have sufficient time to subpoena any witnesses for a continued hearing on the motion to change venue. **Id**. The matter was never continued. The above facts show that trial counsel may have been lax in his pursuit of a change of venue. However, the Petitioner has failed to allege facts which would show that he was prejudiced by not changing the venue.[2] Not having alleged facts which, if proven, would demonstrate ineffective assistance of counsel, I find that the request for an evidentiary hearing regarding the attempt to change venue is denied. I also find that the Petitioner failed to prove that he was denied ineffective assistance of counsel at the change of venue hearing.

13. The Petitioner further contends that his trial counsel provided ineffective assistance of counsel when he failed to impeach Detective Thomas regarding his testimony that the shoe prints found at various of the burglary sites matched the Petitioner's running shoes. Specifically, the Petitioner asserts that the jury was left with the false impression that Detective Thomas was providing expert testimony. In his testimony, Detective Thomas stated that he looked at sole pattern, size, wear patterns, and any damage marks on the sole of the shoes when comparing shoes and shoe prints. Tape 27 of Trial. Detective Thomas then proceeded to explain how he

---

[2]The Court also notes that to show a violation of due process by the trial court's denial of the motion to change venue the Petitioner must demonstrate either actual prejudice or a presumption of prejudice as a result of the denial. **Brecheen v. Reynolds**, 41 F.3d 1343, 1350 (10th Cir. 1994). As already indicated no actual prejudice has been shown. Moreover, the extensive questioning by the trial judge and counsel during *voir dire* on the subject of publicity established that the jurors did not have "such fixed opinions that they could not judge impartially the guilt of the defendant." **Mu'Min v. Virginia**, 500 U.S. 415, 430 (1991)(quoted in **Brecheen**, 41 F.3d at 1351). **See** Tapes 1-3 of Trial. Accordingly, there is no presumption of prejudice, i.e., the trial was fundamentally fair in that respect. **Brecheen**, 41 F.3d at 1351.

came to his conclusions regarding the shoe and shoe print comparisons. Tape 27 and 28 of Trial. Detective Thomas' procedure for comparing shoes and shoe prints is one of common sense and knowledge that does not entail the use of any expert-type analysis. Consequently, it is lay testimony. That being so, the Petitioner's trial counsel did not err by failing to treat Detective Thomas' testimony as expert testimony. I, therefore, find that Petitioner's trial counsel provided effective assistance of counsel with respect to Detective Thomas' testimony. In sum, Petitioner's claims of ineffective assistance of counsel are without merit.

## Recommended Disposition

I recommend denying this §2254 petition for habeas corpus relief and dismissing this matter with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
UNITED STATES MAGISTRATE JUDGE